VAN DE VELD SHIMIZU CANTO&FISHER
Suite 101, Dela Corte Building
167 East Marine Corps Drive
Hagåtña, Guam 96910
Telephone: (671) 472-1131
Facsimile: (671) 472-2886

Attorneys for Defendant: THU LOAN THAI DANG



FILED
DISTRICT COURT OF GUAM

FEB 21 2007

MARY L.M. MORAN
CLERK OF COURT

UNITED STATES OF AMERICA

DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>THU LOAN THAI DANG,<br>a/k/a "KIMMIE,"<br><br>    Defendant. | Criminal Case No. CR03-00095<br><br>DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT BY DEFENDANT THU LOAN THAI DANG a/k/a "KIMMIE" |

COMES NOW defendant THU LOAN THAI DANG through Defendant's counsel, VAN DE VELD SHIMIZU CANTO&FISHER, by Attorney Mr. Curtis C. Van de veld, Esq., pursuant to Federal Rules of Criminal Procedure, Rule 32, and District Court Of Guam, Rules of Court General Order No. 98-00002, to state the Defendant's position concerning the Presentence Report.

Defendant here addresses the requirements of General Order No. 98-00002, which instruct that counsel shall state:

(1) All sentencing factors, facts and other matters material to sentencing that remain in dispute, including a statement and calculation if appropriate, showing how the dispute effects the calculation of the guidelines range.

UNITED STATES OF AMERICA, Plaintiff v. THU LOAN THAI DANG, a/k/a "KIMMIE", Defendant
DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT BY
DEFENDANT THU LOAN THAI DANG a/k/a "KIMMIE"
CRIMINAL CASE NO. CR03-00095
Page 1

Case 1:03-cr-00095 Document 180 Filed 02/21/2007 Page 1 of 19

(2) Whether an evidentiary hearing is requested and, if so, an estimate of the time required for such hearing and a summary of the evidence to be produced.

I. **ALL SENTENCING FACTORS, FACTS AND OTHER MATTERS MATERIAL TO SENTENCING THAT REMAIN IN DISPUTE, INCLUDING A STATEMENT AND CALCULATION IF APPROPRIATE, SHOWING HOW THE DISPUTE EFFECTS THE CALCULATION OF THE GUIDELINES RANGE.**

*A. Factual errors contained in the Presentence Report.*

Defendant was instructed to meet with Probation for preparation of the Presentence Report prior to her departure off-island to cooperate with the Drug Enforcement Administration in a distant jurisdiction. After Defendant's departure and while Defendant was outside of personal contact with her counsel, the Draft and Final *Presentence Investigation Reports* ("*PIR*") were prepared and presented to counsel. Due to Defendant Dang being off-island in a remote jurisdiction, of which, the court, government and probation office were aware. Because of the inability of Defendant to meet personally with counsel and discuss the respective sentencing documents, sentencing was continued. Defendant's sentencing is now scheduled for March 21, 2007, so that she could meet with counsel and prepare her position report. As to the factual content of the *PIR*, the following factual errors are noted.

Defendant did not provide any further indication of factual errors.

*B. The presentence report contains the following legal errors.*

1. **The government's motion for downward departure is inadequate and Defendant will require the government to prove the full extent of**

UNITED STATES OF AMERICA, Plaintiff v. THU LOAN THAI DANG, a/k/a "KIMMIE", Defendant
DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT BY
DEFENDANT THU LOAN THAI DANG a/k/a "KIMMIE"
CRIMINAL CASE NO. CR03-00095
Page 2
Case 1:03-cr-00095    Document 180    Filed 02/21/2007    Page 2 of 19

Defendant's cooperation at the time of sentencing as required by the parties' Plea Agreement accepted by the court.

Defendant's Plea Agreement provides in relevant part, "2. ... The United States will make this cooperation known to the Court prior to the defendant's sentencing (which references the full cooperation earlier describe in paragraph 2 of the Plea Agreement)," and at paragraph 6(b), the United States agrees that it will make a motion for downward departure if the defendant has provided "substantial assistance" as defined by the Sentencing Guidelines 5K1.1. Accordingly, at paragraph 6(c) the United States stated that it will request that the court depart below the statutory minimum pursuant to Title 18, United States Code, §3553(e).

Despite a promise to make the full extent of the defendant's cooperation known *prior to the defendant's sentencing*, the government has failed to do so. If the government keeps to its past practice, the government will wait until sentencing and make a very brief, conclusory statement of the significance of the defendant's cooperation, but will not disclose the details. If Defendant is to be in a position to determine the need to subpoena witnesses for sentencing, in order to fully detail the extent of Defendant's cooperation, Defendant must require the government to perform its obligations to disclose the matters "prior" to sentencing. When full and complete disclosure has been made, Defendant will show that the government's motion for downward departure is inadequate to compensate for the full extent of Defendant's cooperation, and that the recommended reduction against the offense level is neither fair, consistent with past similar circumstance and recommended departures, nor representative of the true value of the cooperation Defendant has provided and will continue to provide. Hence, Defendant believes that the court should depart to a period of no imprisonment and instead sentence Defendant to a sentence of probation.

UNITED STATES OF AMERICA, Plaintiff v. THU LOAN THAI DANG, a/k/a "KIMMIE", Defendant
DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT BY
DEFENDANT THU LOAN THAI DANG a/k/a "KIMMIE"
CRIMINAL CASE NO. CR03-00095
Page 3
Case 1:03-cr-00095    Document 180    Filed 02/21/2007    Page 3 of 19

After pleading guilty to the majority of the Indictment, Defendant and her counsel spent several days being interviewed by federal agents, DEA, IRS, and government attorneys. Defendant Dang repeatedly described in detail all the facts of which she was aware about the drug activities of my codefendants, and in particular Kong Kwok Chang. She explained that Chang purchased 'ice' materials and finished product from persons in Hong Kong but that she was not involved in the discussions. Following those interviews, Defendant repeatedly prepared for trials of others against whom she cooperated, including further interviews. After her arrest, Defendant Dang worked with DEA to trap drug dealers. Around mid March of 2006, Defendant Dang worked with DEA to trap a drug trafficker from Hong Kong. The drug trafficker's name was Allan. Though Defendant Dang made several arrangements through DEA to get Allan to provide Methamphetamine also known as 'ICE' to be sent to Guam, the activities were unable to be successful due to DEA not being prepared to complete any transaction that was arranged. A representative of DEA and Defendant Dang spoke with Allan and all communications with him were recorded. The recordings are with DEA. Allan asked Defendant Dang to send money so that he could send the 'ICE'. Allan mentioned he had 100 to 200 grams of ICE on hand. Allan said he needed the money within a day or 2 days. DEA however was not able to come up with the money. It took a month for DEA to get the funds. After one month, Defendant Dang called Allan again to request for Allan to send 'ICE' and sent Allan $1,000 USD. DEA and Defendant Dang waited two to three weeks for the order to arrive, but did not receive anything. Defendant Dang again called Allan and Allan said that he had to use one of his 'boy's name and address to send the order over. Allan claimed that he did not want to use his own name or address. Defendant Dang and DEA waited for another week and still there was no word from Allan. Defendant Dang checked with DEA on whether or not they received anything but was told that they did not. DEA and Defendant Dang continued to try and contact Allan after that but were unsuccessful.

UNITED STATES OF AMERICA, Plaintiff v. THU LOAN THAI DANG, a/k/a "KIMMIE", Defendant
DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT BY
DEFENDANT THU LOAN THAI DANG a/k/a "KIMMIE"
CRIMINAL CASE NO. CR03-00095
Page 4

Case 1:03-cr-00095   Document 180   Filed 02/21/2007   Page 4 of 19

Around mid April, 2006, Defendant Dang began to work another dealer named Francine LeFever, a runner for Vince Hocog Cruz. Vince Cruz is a former customer of Co Defendant Ken Chan. Defendant Dang met Francine and Francine told Defendant Dang that Vince had left the island. However, Francine was still running the deals for her Uncle. Through DEA, Defendant Dang requested Francine to get samples. DEA assigned an undercover agent to go along with Defendant Dang, who pretended to be Defendant Dang's boyfriend, while collecting samples of 'ICE' from Francine. DEA has all the audio and video recordings of this case.

In the case of USA v. Vince Luis Hocog Cruz, case no. CR04-00053, a case based almost solely on the cooperation of Defendant Dang, the charges allege: *Beginning on or about January 2001, the exact date being unknown to the Grand Jury, and continuing thereafter to November 13, 2003, in the District of Guam, the defendant herein, VINCE LUIS HOCOG CRUZ did unlawfully, and knowingly distribute more than 1.5 kilograms net weight methamphetamine hydrochloride, also known as "ice," a schedule II controlled substance, in violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 841(a)(1) and 846.*

The case record reflects the existence of an unexecuted warrant for defendant Vince Luis Hocog Cruz. It is supposed that should the government proceed properly to affect an arrest based on the warrant, and when defendant Cruz is arrested, Defendant Dang will be called upon to continue her cooperation. If such action takes place outside of one year from the date of sentencing, Defendant Dang will not be able to receive any sentence modification for her further efforts as consideration for her cooperation as promised in the Plea Agreement.

As other cooperation while on Guam, Defendant Dang cooperated against her former boyfriend QUANG TAM HUYNH, with whom she was involved in a very close and deep relationship at the time of her cooperation. The cooperation of Defendant Dang was the main

UNITED STATES OF AMERICA, Plaintiff v. THU LOAN THAI DANG, a/k/a "KIMMIE", Defendant
DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT BY
DEFENDANT THU LOAN THAI DANG a/k/a "KIMMIE"
CRIMINAL CASE NO. CR03-00095
Page 5
Case 1:03-cr-00095   Document 180   Filed 02/21/2007   Page 5 of 19

and almost only source of information that led to the conviction of Defendant Hyunh for Conspiracy to Distribute Methamphetamine Hydrochloride "ice," and Distribution of the same at an amount in excess of 1.5 kilograms. As a result of the cooperation of Defendant Dang, defendant Huynh was sentenced to 33 months imprisonment.

Likewise, the cooperation of Defendant Dang was the sole source of information provided to the government in its case in CR05-00009, against Daniel Matsuno and Vivian Matsuno. That case resulted in diversion which was recently dismissed in November 2006.

In criminal case no. CR05-00016, Defendant Dang arranged a controlled buy transaction for 2 kilograms with a repeat offender Duane A. Calvo, a offender who had been a part of the operation run by her codefendant in this case, Kong Chan. Duane A. Calvo, was a significant distributor under Chan. Defendant Dang's cooperation against repeat offender Duane Anthony Calvo through the DEA supervised transaction, netted the arrest of Duane A. Calvo, Raymond Gerald Calvo, and John Tracy "Troy" Santos for offenses involving 2 kilograms of Methamphetamine Hydrochloride "ice.'

Defendant Raymond Calvo was sentenced to 48 months imprisonment. The records of that case indicate that Defendant Raymond Calvo had undertaken to provide assistance to DEA, but due to disagreements that occurred between the local police and federal authorities, Raymond Calvo was unable to affect a result from his cooperation. Because of his cooperation, it appears that Raymond received a lesser sentence.

Likewise, the government moved for a two level departure for Defendant John Tracy "Troy" Santos based on his cooperation. Though duty bound by Defendant Dang's Plea Agreement to disclose the full extent of the value of Defendant Dang's cooperation and to extend the credit for the cooperation derived from others whom Defendant Dang has assisted the government in their arrest and conviction, the government has not disclosed the extent of the cooperation of the defendants in this case, nor the results derived there-from. Defendant

UNITED STATES OF AMERICA, Plaintiff v. THU LOAN THAI DANG, a/k/a "KIMMIE", Defendant
DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT BY
DEFENDANT THU LOAN THAI DANG a/k/a "KIMMIE"
CRIMINAL CASE NO. CR03-00095
Page 6

Case 1:03-cr-00095   Document 180   Filed 02/21/2007   Page 6 of 19

Dang's counsel is informed and believes that Defendant Santos provided information concerning a drug lab that led to arrests and convictions and similarly Defendant Duane Calvo provided similar cooperation.

Around May 12, 2006, Defendant Dang left Guam at her own expense to travel to assist the DEA in law enforcement in the Asian communities in California. Defendant Dang reported to the DEA in Oakland. It took Defendant Dang more than a month to find a job and to get to know the place and people targeted. By that time, Defendant Dang managed to contact a drug dealer in San Diego. Through the DEA, Defendant Dang contacted that drug dealer to arrange to purchase the drugs from him. The drug dealer traveled to Oakland with 3000 pills and DEA was able to affect an arrest. The subsequent value of this cooperation has not been disclosed by the government and Defendant Dang is unaware of any conviction or subsequent cooperation by that arrestee.

Around Nov. 2006, in San Jose, Ca. Defendant Dang contacted a female drug dealer and made arrangements with DEA to conduct a controlled and monitored buy. The DEA in San Jose assigned an undercover worker with Defendant Dang. Through the DEA, Defendant Dang called this female drug dealer and set up a transaction in the amount of 5000 pills and arranged to obtain samples. DEA affected an arrest and Defendant Dang does not know whether a conviction of the person occurred or the extent of any cooperation derivative from Defendant Dang's cooperation through the arrest that has been provided to DEA.

At the same time, Defendant Dang made contact with a male drug dealer and made arrangements to conduct a controlled and monitored buy with DEA. Defendant Dang, through DEA, made arrangements to acquire a large transaction of drugs. The drug dealer accepted this transaction. A DEA representative and Defendant Dang met this drug dealer and were provided with a few samples of the drugs. These samples have been kept as evidence by DEA and the case was taken over by DEA. Defendant Dang is not aware of the extent that DEA has

UNITED STATES OF AMERICA, Plaintiff v. THU LOAN THAI DANG, a/k/a "KIMMIE", Defendant
DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT BY
DEFENDANT THU LOAN THAI DANG a/k/a "KIMMIE"
CRIMINAL CASE NO. CR03-00095

Page 7

Case 1:03-cr-00095   Document 180   Filed 02/21/2007   Page 7 of 19

been able to utilize this cooperation to affect arrests of that drug dealer or other persons derivative from Defendant Dang's cooperation which followed the controlled buy.

While Defendant Dang appreciates that the government has made a recommendation of a reduction to a sentence of 37 months, the bases recited as the facts of Defendant Dang's cooperation, fail to include her extensive efforts in California or the derivative results from her cooperation. Defendant Dang has also provided extensive assets, some from drug earnings but commingled with other legitimate earnings which have been forfeited to the government at substantial financial impact to Defendant Dang. Defendant Dang has lost the most significant love interest of her life – Quang Tam Huynh, her closest friends not involved in drug activities – Daniel and Vivian Matsuno, and yet through all of this time, in excess of three years, remained drug free and committed to being a good law abiding citizen trying to make amends for her past. Clearly, Defendant Dang has been rehabilitated by this case. Further, she has suffered years of low paying employment to make herself available for working with DEA whenever needed to provide assistance.

No other case counsel could find or recall has resulted in the extensive level of cooperation engaged in by Defendant Dang. The government has in the past, provided recommendations for probation for less cooperation. The government understandably wants to deter future crime and believes that it can not recommend a sentence of probation. But Defendant Dang only asks that the court apply consistent standards to her and give her a sentence of probation as her cooperation has been more extensive than many former defendants who charged at the same level have received lesser sentences. Defendant Dang remains committed to cooperate with the DEA in the future as her cooperation requires. This further burden deserves further credit and Defendant Dang may never receive the benefit of the credit if not sentenced to probation.

///

UNITED STATES OF AMERICA, Plaintiff v. THU LOAN THAI DANG, a/k/a "KIMMIE", Defendant
DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT BY
DEFENDANT THU LOAN THAI DANG a/k/a "KIMMIE"
CRIMINAL CASE NO. CR03-00095

Page 8

Case 1:03-cr-00095    Document 180    Filed 02/21/2007    Page 8 of 19

## II. WHETHER AN EVIDENTIARY HEARING IS REQUESTED.

Defendant requests an evidentiary hearing to the court requiring the government to prove the full extent of Defendant's cooperation and for Defendant to testify as to the activities she has engaged and endured during her lengthy cooperation and rehabilitation.

Respectfully submitted: Wednesday, February 21, 2007.

VAN DE VELD SHIMIZU CANTO & FISHER

_____
Mr. Curtis C. Van de veld, Esq.
Attorney for defendant
THU LOAN THAI DANG

///
///
///

UNITED STATES OF AMERICA, Plaintiff v. THU LOAN THAI DANG, a/k/a "KIMMIE", Defendant
DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT BY
DEFENDANT THU LOAN THAI DANG a/k/a "KIMMIE"
CRIMINAL CASE NO. CR03-00095

Page 9

Case 1:03-cr-00095    Document 180    Filed 02/21/2007    Page 9 of 19

# CERTIFICATE OF SERVICE

I, CURTIS C. VAN DE VELD, certify that I caused a copy of the foregoing document here filed, to be served on counsel for Plaintiff UNITED STATES OF AMERICA on March 13, 2006, via hand delivery at the following address:

Ms. Marivic P. David, Esq. and to,
Assistant U.S. Attorney
U.S. Attorney's Office,
District Of Guam
Criminal Division
6th Floor, Sirena Plaza
108 Hernan Cortes Avenue
Hagåtña, Guam 96910

Ms. Carleen Borja
United States Probation Officer
United States Probation Office,
District Of Guam

District Court Of Guam
2nd Floor, 520 W. Soledad Avenue
Hagåtña, Guam 96910

Dated: Wednesday, February 21, 2007.

VAN DE VELD SHIMIZU CANTO & FISHER

Mr. Curtis C. Van de veld, Esq.
Attorney for Defendant
THU LOAN THAI DANG

CCV:ccv
VSCF/T.L.T. DANG/CR000618

UNITED STATES OF AMERICA, Plaintiff v. THU LOAN THAI DANG, a/k/a "KIMMIE", Defendant
**DEFENDANT'S STATEMENT OF POSITION CONCERNING THE PRESENTENCE REPORT BY DEFENDANT THU LOAN THAI DANG a/k/a "KIMMIE"**
CRIMINAL CASE NO. CR03-00095
Page 10

Case 1:03-cr-00095   Document 180   Filed 02/21/2007   Page 10 of 19

Dang.CON

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

DISTRICT COURT FILED OF GUAM
OCT - 4 2004
MARY L. M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| UNITED STATES OF AMERICA, | ) CRIMINAL CASE CASE NO. 03-00095 |
|---|---|
| Plaintiff, | ) |
| vs. | ) CONSENT DECREE OF FORFEITURE |
| THU LOAN THAI DANG, a/k/a KIMMIE, | ) |
| Defendant. | ) |

**WHEREAS**, the defendant Thu Loan Thai Dang, aka Kimmie, has pled guilty to the following counts of a Superseding Indictment: Count I, charging her with Conspiracy to Import more than 6.4 kilograms of Methamphetamine Hydrochloride (ice), in violation of Title 21, U.S.C. §§ 952(a), 960 and 963; Count III charging her with Conspiracy to Distribute more than 6.4 kilograms of Methamphetamine Hydrochloride (ice) in violation of Title 21, U.S.C. §§ 841(a)(1) & 846; Count IV charging her with Importation of more than 6.4 kilograms of Methamphetamine Hydrochloride (ice) in violation of Title 21, U.S.C. §§ 952(a) and 960 and Title 18, U.S.C. § 2; Count VI charging her with Distribution of more than 6.4 kilograms of Methamphetamine Hydrochloride (ice) in violation of Title 21, U.S.C. § 841(a)(1) and Title 18,

-1-

U.S.C. § 2; Count VII, charging her with Conspiracy to Launder Monetary instruments in violation of Title 18, U.S.C. §§ 1956(a)(1)(B)(i), (a)(2)(B)(i) and (h); and Count VIII charging Forfeiture pursuant to Title 21, U.S.C. § 853 and Title 18, U.S.C. § 982, and

**WHEREAS**, the United States of America, pursuant to Count VIII (Forfeiture) of the Superseding Indictment and the United States Amended Bill of Particulars filed June 9, 2004, alleges that certain properties specified therein are proceeds in which the defendant Thu Loan Thai Dang acquired or maintained an interest or had an interest which constituted or was derived from property obtained directly or indirectly from the trafficking in controlled substances counts of which the defendant Kong Kwon Chan has been found guilty;

**NOW THEREFORE**, the United States of America by its attorney Karon V. Johnson, Assistant United States Attorney for the District of Guam, and defendant Thu Loan Thai Dang, aka Kimmie, by her attorney Curtis Van De Veld, hereby agree and stipulate that:

A. The defendant Thu Loan Thai Dang, aka Kimmie, has a legal interest in the following properties:

1. Real property located at 10758 SE Forest View Lane, Portland, Oregon;
2. One 2002 LEXUS RX300 AUTOMOBILE, VIN JTJHF10U520277477;
3. $10,624.71 in First Hawaiian Bank Account # 02-040476;
4. $12,303.11 in First Hawaiian Bank Account # 02-044471;
5. $ 6,438.81 in First Hawaiian Bank Account # 02-415011;
6. $6,187.28 in savings account # 7318865, USA Federal Credit Union;
7. $ 5,001.39 in checking account # 7318865 (checking code 71) in USA Federal Credit Union; and
8. $13,215.41 in US Bank Money Market Account Number 1-536-9265-0713.

B. The properties set forth at Paragraph A above, were partially acquired or maintained or partially constitute or are partially derived from property obtained directly or indirectly in violation of Title 21,

-2-

U.S.C. § 853 and Title 18, U.S.C. § 982, and are forfeitable thereby. Defendant reserves the right to retain such interest in these properties which were acquired by legitimate means.

C. The defendant Thu Loan Thai Dang hereby consents to forfeiture of all interest in the properties set forth at paragraph A above which were obtained by illegal means, including any and all income generated by said properties, and to entry by the Court of a Judgement of Forfeiture, pursuant to Title 18, U.S.C. § 982, for each of the properties set forth at paragraph A above.

DATED this _1st_ day of _October_, 2004.

_____
CURTIS VAN DE VELD
Counsel for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
KARON V. JOHNSON
Assistant U.S. Attorney

1  DangUSB.FIN

2  LEONARDO M. RAPADAS
   United States Attorney
3  KARON V. JOHNSON
   Assistant U.S. Attorney
4  Sirena Plaza, Suite 500
   108 Hernan Cortez
5  Agana, Guam 96910
   Telephone: (671) 472-7332/7283
6  Telecopier: (671) 472-7334

7  Attorneys for United States of America

8

9              IN THE UNITED STATES DISTRICT COURT

10                  FOR THE TERRITORY OF GUAM

11

12  UNITED STATES OF AMERICA,        )   CRIMINAL CASE NO. 03-00095
                                     )
13              Plaintiff,           )
                                     )
14       vs.                         )   **FINAL ORDER OF FORFEITURE**
                                     )
15  THU LOAN THAI DANG,              )
    aka KIMMIE,                      )
16                                   )
                Defendant.           )
17  _____)

18
       **WHEREAS**, on October 5, 2004, this Court entered a Preliminary Order of Forfeiture
19
   forfeiting $13,215.41 in United States Currency from the US Bank Money Market Account
20
   Number 1-536-9265-0713, the property of defendant Thu Loan Thai Dang, aka Kimmie to the
21
   United States of America;
22
       **AND WHEREAS**, on November 5, 2004, November 12, 2004 and November 19, 2004,
23
   the United States published in a newspaper of general circulation, notice of this forfeiture and of
24
   the intent of the United States to dispose said property in accordance with the law and further
25
   notifying all third parties of their right to petition the Court within thirty (30) days for a hearing
26
   to adjudicate the validity of their alleged legal interest in the property;
27

28                                       -1-

1         **AND WHEREAS**, the Court has been advised that no such petitions have been filed.

2         Accordingly, it is hereby **ORDERED, ADJUDGED and DECREED** that the United States Marshal shall forthwith seize the forfeited property and dispose of it in accordance with the law;

5         It is further **ORDERED, ADJUDGED and DECREED**:

6         That pursuant to Title 21, United States Code, Section 853(n), that the right, title and interest to all of the hereinafter described property is hereby condemned, forfeited and vested in the United States of America, and shall be disposed of according to law:

9         **a) Thirteen Thousand Two Hundred Fifteen Dollars and forty-one cents ($13,215.41) United States Currency.**

11         That any and all forfeited funds, including but not limited to currency, currency equivalents and certificates of deposit, as well as any income derived as a result of the United States Marshals management of any property forfeited herein, and the proceeds from the sale of any forfeited property, after the payment of costs and expenses incurred in connection with the forfeiture, sale and disposition of the forfeited property, shall be deposited forthwith by the United States Marshal Service into the Department of Justice Asset Forfeiture Fund in

17 \\
18 \\
19 \\
20 \\
21 \\
22 \\
23 \\
24 \\
25 \\
26 \\

accordance with Title 28, United States Code, Section 524(c) and Title 21, United States Code, Section 881(e).

The Clerk is hereby directed to send copies of this Order to all counsels of record and three certified copies to the United States Marshal Service.

DATED this ___9TH___ day of February, 2005

DAVID W. HAGEN
Designated Judge
District Court of Guam

Presented by:

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

By: _____
KARON V. JOHNSON
Assistant U.S. Attorney

RECEIVED
FEB - 8 2005
DISTRICT COURT OF GUAM
HAGATNA, GUAM

-3-

DangHouse.FIN

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

**FILED**
DISTRICT COURT OF GUAM

FEB - 9 2005

MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THU LOAN THAI DANG, ) <br> aka KIMMIE, ) <br> ) <br> Defendant. ) | CRIMINAL CASE NO. 03-00095 <br><br> **FINAL ORDER OF FORFEITURE** |

**WHEREAS**, on October 22, 2004, this Court entered an Amended Preliminary Order of Forfeiture forfeiting $62,980.14 in United States Currency the net proceeds payable to Thu Loan Thai Dang, less homeowners association dues of no more than $200.00 ($62,980.14 less $200 equals $62,780.14), the property of defendant Thu Loan Thai Dang, aka Kimmie to the United States of America;

**AND WHEREAS**, on November 5, 2004, November 12, 2004 and November 19, 2004, the United States published in a newspaper of general circulation, notice of this forfeiture and of the intent of the United States to dispose said property in accordance with the law and further notifying all third parties of their right to petition the Court within thirty (30) days for a hearing

-1-

| | |
|---|---|
| 1 | to adjudicate the validity of their alleged legal interest in the property; |
| 2 | **AND WHEREAS**, the Court has been advised that no such petitions have been filed. |
| 3 | Accordingly, it is hereby **ORDERED, ADJUDGED and DECREED** that the United |
| 4 | States Marshal shall forthwith seize the forfeited property and dispose of it in accordance with |
| 5 | the law; |
| 6 | It is further **ORDERED, ADJUDGED and DECREED:** |
| 7 | That pursuant to Title 21, United States Code, Section 853(n), that the right, title and |
| 8 | interest to all of the hereinafter described property is hereby condemned, forfeited and vested in |
| 9 | the United States of America, and shall be disposed of according to law: |
| 10 | a) **Sixty-Two Thousand Seven Hundred Eighty Dollars and fourteen cents** |
| 11 | **($62,780.14) United States Currency.** |
| 12 | That any and all forfeited funds, including but not limited to currency, currency |
| 13 | equivalents and certificates of deposit, as well as any income derived as a result of the United |
| 14 | States Marshals management of any property forfeited herein, and the proceeds from the sale of |
| 15 | any forfeited property, after the payment of costs and expenses incurred in connection with the |
| 16 | forfeiture, sale and disposition of the forfeited property, shall be deposited forthwith by the |
| 17 | United States Marshal Service into the Department of Justice Asset Forfeiture Fund in |
| 18 | \\ |
| 19 | \\ |
| 20 | \\ |
| 21 | \\ |
| 22 | \\ |
| 23 | \\ |
| 24 | \\ |
| 25 | \\ |
| 26 | \\ |
| 27 | |
| 28 | -2- |

accordance with Title 28, United States Code, Section 524(c) and Title 21, United States Code, Section 881(e).

The Clerk is hereby directed to send copies of this Order to all counsels of record and three certified copies to the United States Marshal Service.

DATED this _9TH_ day of February, 2005.

DAVID W. HAGEN
Designated Judge
District Court of Guam

Presented by:

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

By: _____
KARON V. JOHNSON
Assistant U.S. Attorney

RECEIVED
FEB -8 2005
DISTRICT COURT OF GUAM
HAGATNA, GUAM

-3-